UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF KIM JACKSON, et al., | Case No.   1:21-cv-00415-AWI-EPG |
| Plaintiffs, | |
| v. | ORDER GRANTING DEFENDANTS' MOTION TO STAY DISCOVERY |
| CITY OF MODESTO, et al., | (ECF No. 28) |
| Defendants. | |

This matter is before the Court on the request to stay discovery by Defendants City of Modesto and Galen Carroll (hereinafter Defendants unless otherwise designated). (ECF No. 28). On December 6, 2021, the Court heard argument from both sides regarding whether to issue a scheduling order in this case during the pendency of Defendants' motion to dismiss, taking the matter under advisement. (ECF No. 29). Having considered the matter, the Court will grant Defendants' construed motion to stay discovery and will not issue a scheduling order until the pending motion to dismiss has been adjudicated.

I.      **BACKGROUND**

Plaintiffs, Estate of Kim Jackson, Matthew Boring, Alyssa Cabrera, Glenn Jackson, and Anna Jackson (who are the estate, parents, and children of Kim Jackson) filed this action on March 15, 2021, alleging multiple federal and state law claims arising from the officer-involved shooting and death of Kim Jackson. (ECF No. 1). This initial complaint included Defendants Alex Bettis, Joseph Lamantia, and Michael Callahan (individual officers) and the Modesto Police

1

1   Department, as well as the current Defendants, the City of Modesto and Galen Carroll (the Police

2   Chief of the Modesto Police Department). After all Defendants in the case at that time moved to

3   dismiss the complaint, this Court vacated the pending scheduling conference. (ECF Nos. 9, 10,

4   16).

5          On October 15, 2021, the District Judge issued an order, dismissing many claims against

6   the Defendants, but granting leave to amend as to almost all claims. (ECF No. 25). The order

7   focused on the question of whether Plaintiffs' claims were barred by the statute of the limitations.

8   In addressing this dispute, the District Judge repeatedly noted that, for some claims, the parties

9   failed to provide sufficient information to determine whether Plaintiffs' claims were timely. (*See

10  id.* at 37 ("However, the parties do not adequately address what Jackson would have known or

11  suspected about Chief Carroll's own culpable conduct in causing her injuries. Therefore, the

12  Court cannot determine an accrual date at this time for the state law claims against Chief Carroll

13  or the vicarious liability theories against the City for Chief Carroll's conduct."). In granting leave

14  to amend, the District Judge directed Plaintiffs to provide further factual information in their

15  complaint related to the timeliness of certain claims. (*See id.* at 39-40).

16         Following the District Judge's order, this Court entered an order on October 21, 2021,

17  setting a scheduling conference for December 6, 2021. (ECF No. 26). On November 12, 2021,

18  Plaintiffs filed their First Amended complaint, this time naming only the City of Modesto and

19  Galen Carroll as Defendants. (ECF No. 27).

20         On November 23, 2021, the parties filed a joint scheduling report after conducting a

21  conference under Federal Rule of Civil Procedure 26(f) on November 16, 2021. (ECF No. 28, p.

22  4). In the joint scheduling report, Defendants argued that all discovery, including initial

23  disclosures, should not yet commence. As grounds, Defendants stated that they intended to file a

24  motion to dismiss and the commencement of discovery would be premature until after the motion

25  was decided.

26         The Court construes this request as a motion to stay discovery.

27         In the joint scheduling report, Plaintiffs argued that discovery, including initial

28  disclosures, should commence as a potentially dispositive motion does not require an automatic

2

1    stay and Defendants had failed to show that a stay was warranted under the pertinent standards.[1]

2           At the scheduling conference on December 6, 2021, the Court heard from both sides

3    regarding whether to stay discovery, taking the matter under advisement with an order to follow.

4    (ECF No. 30).

5    **II.     STANDARDS**

6           With limited exception, "[a] party may not seek discovery from any source before the

7    parties have conferred as required by Rule 26(f)." Fed. R. Civ. P. 26(d)(1). After the parties' Rule

8    26(f) conference, a party is required to make initial disclosures within 14 days "unless a different

9    time is set by stipulation or court order, or unless a party objects during the conference that initial

10   disclosures are not appropriate in this action and states the objection in the proposed discovery

11   plan." Fed. R. Civ. P. 26(a)(1)(C). And generally, a court is required to issue a scheduling order

12   addressing the completion of discovery after receiving the parties' Rule 26(f) report. Fed. R. Civ.

13   P. 16(b)(2)-(3).

14          While "[t]he Federal Rules of Civil Procedure do not provide for automatic or blanket

15   stays of discovery in the face of potentially dispositive motions . . . district courts may

16   nonetheless exercise wide discretion in controlling discovery." *Marsh v. AFSCME Loc. 3299, No.*

17   2:19-CV-02382-JAM-DB, 2020 WL 1475442, at *2 (E.D. Cal. Mar. 26, 2020) (internal quotation

18   marks and internal citations omitted). "While the Ninth Circuit has not provided a clear standard

19   for evaluating a motion to stay discovery pending resolution of a potentially dispositive motion, it

20   has affirmed that district courts may grant such a motion for good cause." *Ahern Rentals, Inc. v.*

21   *EquipmentShare.com, Inc.*, No. 2:19-CV-01788-MCE-KJN, 2020 WL 2216944, at *2 (E.D. Cal.

22   May 7, 2020) (citing *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988)). In evaluating a

23   request to stay discovery, "federal district courts in California . . . have applied a two-part test

24   when evaluating such a request for a stay." *Mlejnecky v. Olympus Imaging Am., Inc.*, No. 2:10-

25   CV-02630, 2011 WL 489743, at *6 (E.D. Cal. Feb. 7, 2011). "First, the pending motion must be

26   ────────────────

27   [1] Plaintiffs also argued that no stay should be imposed because Defendants had not filed a motion for a
     stay. However, as noted above, the Court construes the request in the joint scheduling report as a motion to
     stay discovery.  The Court also heard argument on this issue from all parties during the scheduling

28   conference and no party requested further briefing on the issue at that time.

1    potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is

2    aimed. Second, the court must determine whether the pending, potentially dispositive motion can

3    be decided absent additional discovery." *Id.* If both prongs are not met, discovery should proceed.

4    *Id.*

5            Regarding the first prong—whether the pending motion is potentially dispositive of the

6    entire case—this Court is not required to decide who will prevail in the pending motion to

7    dismiss, that determination lies with the District Judge. Rather, this Court only conducts "a

8    preliminary review of the pending dispositive motion." *Stavrianoudakis v. U.S. Dep't of Fish &*

9    *Wildlife*, No. 1:18-CV-01505-LJO-BAM, 2019 WL 9667685, at *3 (E.D. Cal. Dec. 20, 2019).

10   **III.    ANALYSIS**

11           Upon review, the Court concludes that the pending motion to dismiss is "sufficiently

12   meritorious for a finding that the motion[] [is] potentially dispositive of the case." *Id.* Notably, the

13   motion to dismiss seeks to dismiss the first amended complaint in its entirety, raising potentially

14   dispositive arguments including untimeliness, inability to pursue certain claims in a survival

15   action, and failure to state a claim. (ECF No. 29).

16           Regarding the second prong— whether the pending, potentially dispositive motion can be

17   decided absent additional discovery—Plaintiffs do not identify in their response to the pending

18   motion to dismiss any specific discovery that is necessary to resolve the motion. *See*

19   *Stavrianoudakis*, 2019 WL 9667685, at *3. Nor did Plaintiffs argue during the scheduling

20   conference that discovery was needed to address the pending motion.

21           The Court has also balanced the interests of Plaintiffs in proceeding with the case against

22   the interests in Defendants of not being unduly burdened by unnecessary discovery.  While the

23   Court is sympathetic to Plaintiffs' desire to move forward as soon as possible, the Court finds that

24   the limited stay will not unreasonably delay the litigation.  Additionally, an order regarding which

25   claims and defendants will proceed in the case will define defendants and issues in dispute, and

26   thus the bounds of discovery, to the extent any claims survive the motion to dismiss.

27   **IV.    CONCLUSION AND ORDER**

28           Having concluded that a stay is warranted, IT IS ORDERED as follows:

1.  Defendants' construed motion to stay discovery (ECF No. 28) is granted;

2.  The Court declines to enter a scheduling order at this time and all discovery is stayed until after the District Judge rules on the pending motion to dismiss; and

3.  Within ten days after the issuance of the ruling on the motion to dismiss, should the matter go forward, the parties are directed to contact Courtroom Deputy Michelle Rooney (mrooney@caed.uscourts.gov) to secure a new scheduling conference date.

IT IS SO ORDERED.

Dated:   **December 17, 2021**                    /s/ Erica P. Grosjean
                                                     UNITED STATES MAGISTRATE JUDGE

5