UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF KIM JACKSON, et al.,<br><br>Plaintiffs<br><br>v.<br><br>CITY OF MODESTO and GALEN CARROLL,<br><br>Defendants | CASE NO. 1:21-CV-0415 AWI EPG<br><br>ORDER ON PLAINTIFFS' MOTION TO STRIKE<br><br>(Doc. No. 44) |

This case stems from a fatal encounter between decedent Kim Jackson ("Jackson") and members of the Modesto Police Department ("MPD"). Plaintiffs are Jackson's Estate and her family members. Following prior Rule 12(b) motions, the only remaining defendants are the City of Modesto ("the City") and former Modest Police Chief Galen Carroll ("Carroll"). Currently before the Court is Plaintiffs' Rule 12(f) motion to strike Defendants' second affirmative defense, which invokes discretionary act immunity under Cal. Gov. Code § 820.2 and derivative immunity under Cal. Gov. Code § 815.2. For the reasons that follow, the motion will be granted.

## GENERAL BACKGROUND[1]

On October 8, 2016, Jackson was 52 years old and suffered from mental health and substance abuse issues that substantially limited her ability to care for herself, concentrate, think, and communicate. That night, Jackson was intoxicated and went to her father's house. Jackson vandalized her father's house, and her father called the police. When the police arrived, Jackson

---

[1] This general background is derived from the Second Amended Complaint and is the Court's shorthand. A thorough recitation of the relevant facts may be found at: *Estate of Jackson v. City of Modesto*, 2022 U.S. Dist. LEXIS 137906 (E.D. Cal. Aug. 3, 2022).

had left.  Shortly after the police left, Jackson returned to her father's house with kitchen knives in her hands.  Jackson's father called the police again.  When the police arrived, the decision was made to take Jackson into custody under Cal. Health & Safety Code § 5150.  When the officers approached, Jackson approached them with a raised knife and was not obeying orders.  In response, one officer fired his taser and another fired his pistol.  After Jackson was shot, she dropped the knives, turned her back, and began staggering away from the officers; she was no longer a threat to them.  However, as Jackson was staggering away the same officer fired his pistol a second time and another officer fired a bean bag shotgun that had been erroneously loaded with a breaching round.  Both shots hit Jackson in the back, and the breaching round caused catastrophic damage to Jackson.  Jackson died shortly after being shot by the breaching round.  Two days after the shooting, the City issued a misleading press release that omitted key facts, including the fact that Jackson had been shot in the back with a breaching round as she was unarmed and staggering away from the officers.

## **RULE 12(f) FRAMEWORK**

Rule 12(f) of the Federal Rules of Civil Procedure allows the court to strike from "any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  The purpose of a Rule 12(f) motion is to avoid the costs that arise from litigating spurious issues by dispensing with those issues prior to trial.  See Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 973 (9th Cir 2010); Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir.1983).   An affirmative defense may be insufficient either as a matter of law or as a matter of pleading.  Gomez v. J. Jacobo Farm Labor Contr., Inc., 188 F.Supp.3d 986, 991 (E.D. Cal. 2016).  An affirmative defense is legally insufficient if it "lacks merit under any set of facts the defendant might allege."  Neylon v. County of Inyo, 2017 U.S. Dist. LEXIS 137212, *3-*4 (E.D. Cal. Aug. 25, 2017); Gomez, 188 F.Supp.3d at 991.  Affirmative defenses are insufficient as a matter of pleading if they fail to give the plaintiff "fair notice of the defense."  Simmons v. Navajo Cnty., 609 F.3d 1011, 1012 (9th Cir. 2010); Wyshak v. City Nat'l Bank, 607 F.2d 824, 827 (9th Cir. 1979); Gomez, 188 F.Supp.3d at 991.  "'[T]he fair notice' required by the pleading

2

standards only requires describing [an affirmative] defense in 'general terms.'" Kohler v. Flava Enters., Inc., 779 F.3d 1016, 1019 (9th Cir. 2015); Gomez, 188 F.Supp.3d at 991. "Fair notice . . . requires that the defendant state the nature and grounds for the affirmative defense." Neylon, 2017 U.S. Dist. LEXIS 137212 at *4; Gomez, 188 F.Supp.3d at 992; United States v. Gibson Wine Co., 2016 U.S. Dist. LEXIS 55053, *13(E.D. Cal. Apr. 25, 2016). "Although 'fair notice' is a low bar that does not require great detail, it does require a defendant to provide 'some factual basis' for its affirmative defense." Spencer v. Lopez, 2022 U.S. Dist. LEXIS 144441, *4 (E.D. Cal. Aug. 11, 2022); Neylon, 2017 U.S. Dist. LEXIS 137212 at *4; Gomez, 188 F.Supp.3d at 992; Gibson Wine, 2016 U.S. Dist. LEXIS 55053 at *13. Fact barren affirmative defenses or bare references to doctrines or statutes are unacceptable because they "do not afford fair notice of the nature of the defense pleaded." Neylon, 2017 U.S. Dist. LEXIS 137212 at *4; Gomez, 188 F.Supp.3d at 992; Gibson Wine, 2016 U.S. Dist. LEXIS 55053 at *14; see G&G Closed Circuit Events, LLC v. Alfaro, 2023 U.S. Dist. LEXIS 20420, *14 (E.D. Cal. Feb. 6, 2023).

## PLAINTIFFS' MOTION

*Plaintiffs' Argument*

Plaintiffs argue that the second affirmative defense does not provide "fair notice" of any defense based on the discretionary immunity of Cal. Gov. Code § 820.2.[2] The allegations are merely conclusory statements that contain no supporting facts. The allegations do not explain why or how Carroll's decisions implicate § 820.2. Like *Neylon*, the allegations in this case do not explain what discretionary decisions are at issue or what decisions serve as the basis for § 820.2 immunity. Plaintiffs argue that because they have to guess at what conduct is entitled to immunity, fair notice has not been provided.

---

[2] Cal. Gov. Code § 820.2 in relevant part reads: "[A] public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused." Cal. Gov. Code § 820.2. The immunity of § 820.2 "is reserved for those 'basic policy decisions [which have] . . . been [expressly] committed to coordinate branches of government,' and as to which judicial interference would thus be 'unseemly.'" Liberal v. Estrada, 632 F.3d 1064, 1084 (9th Cir. 2011) (quoting Gillan v. City of San Marino, 147 Cal.App.4th 1033, 1051 (2007)). Decisions that do not rise to the level of "basic policy decisions," but instead are merely "operational" decisions, do not receive immunity under § 820.2. See Liberal, 632 F.3d at 1084.

3

*Defendants' Opposition*

Defendants argue that Plaintiffs are essentially contending that the second affirmative defense must outline the discretionary decisions made by Carroll supporting all material elements of the asserted defense. However, this is not the standard that must be followed. The textual differences between Rule 8(a) for pleading causes of action and Rule 8(c) for listing affirmative defenses demonstrate that a party is not required to "show" entitlement of its defenses, but is only required to affirmatively state its affirmative defenses. Thus, the defense is sufficiently pled, and Plaintiffs' motion should be denied.[3]

*Second Affirmative Defense*

Defendants' second affirmative defense reads:

> [I]n response to Plaintiffs' Sixth, Seventh, Eighth, Ninth, and Tenth Claims, brough under California state law, at all times mentioned in the [Second Amended Complaint] and immediately prior thereto, Defendants are entitled to statutory immunity under California Government Code §§ 820.2 and 815.2(b), for any alleged injury resulting from any alleged act or omission which was the result of the exercise of the discretion vested in [Carroll]. Specifically, [Carroll] is immune for his decisions relating to the creation and maintenance of policies and practices of the [MPD]. Thus, these responding public entity and public official defendants are statutorily immune from liability attributed to conduct in hiring, training, and supervision of employees.

Doc. No. 42 at p.10.

*Discussion*[4]

Initially, the Court rejects Defendants' argument that it is sufficient to merely list § 820.2 as an affirmative defense. As stated above, great detail is not required, but some factual basis is necessary to provide "fair notice;" a fact barren list is insufficient. See Spencer, 2022 U.S. Dist. LEXIS 144441 at *4; Neylon, 2017 U.S. Dist. LEXIS 137212 at *4; Gomez, 188 F.Supp.3d at

---

[3] Defendants also argue that its second affirmative defense is legally sufficient. However, Plaintiffs are only challenging the pleading sufficiency of the second affirmative defense, not the legal sufficiency. Cf. Gomez, 188 F.Supp.3d at 991 (explaining that an affirmative defense may be insufficient either as a matter of law or as a matter of pleading). Because Plaintiffs do not challenge the legal sufficiency of the second affirmative defense, Defendants' argument is unnecessary and will not be addressed at this time.

[4] Both parties note that there is uncertainty with respect to the appropriate Rule 12(f) standards when evaluating affirmative defenses. Some courts apply the *Iqbal* pleading standards of Rule 8(a), while other apply the more lenient "fair notice" standard. See RLI Ins. Co. v. City of Visalia, 297 F.Supp.3d 1038, 10578 n.21 (E.D. Cal. 2018). In the absence of controlling Ninth Circuit authority, this Court will continue to apply the "fair notice" standard as described in *Neylon*, *Gomez*, and *Gibson Wine*.

992; Gibson Wine, 2016 U.S. Dist. LEXIS 55053 at *13.  Therefore, the mere invocation of § 820.2 does not provide "fair notice."  See id.

In *Neylon*, this Court dealt with an affirmative defense that read:

> California Government Code § 820.2 provides a public employee with immunity for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused. On information and belief, at all relevant times and in the performance of all acts and/or omissions alleged in the complaint, Inyo County Personnel acted within the discretion vested in them as public employees. Thus, these Defendants are not liable for any injuries resulting from the acts and/or omissions alleged in the complaint, even if the sheriff's deputies employed by the County of Inyo abused their discretion.

Neylon, 2017 U.S. Dist. LEXIS 137212 at *22.  The Court held that fair notice was not provided. Id. at *26.  Specifically, the Court held:

> . . . the seventh affirmative defense clearly identifies § 820.2 as being asserted. However, *the allegations do not explain the discretionary policy decision at issue*. All that can be said is that Defendants think that § 820.2 somehow applies in this case based on unknown discretionary conduct.  Moreover, the allegations do not limit the defense to only two of the three state law causes of action and they do not limit the defense to only Sheriff Lutze and Inyo County.  Instead, the seventh affirmative defense indicates that it applies to all claims and all parties. The opposition shows that Defendants know that § 820.2 could apply in only a limited capacity — to two defendants and two claims. Despite this knowledge, Defendants alleged a broad application of § 820.2 without any limitation. The allegation is misleading and is not a proper pleading practice.  A plaintiff should not have to guess at who is asserting a defense or to which claim a defense applies.  The seventh affirmative defense requires Neylon to guess at who is actually alleging immunity, *at what conduct is entitled to immunity*, and how the immunity might apply or to which claims the immunity might apply. A plaintiff who is forced to make such guesses does not know the true nature or grounds of the defense, and thus, does not have "fair notice."

Id. at *24-*26 (emphasis added) (citations omitted).

Here, unlike in *Neylon*, there is no ambiguity about which defendants are asserting the defense, nor is there ambiguity about which claims are the subject of the defense.  The City and Carroll are the only defendants, and Carroll is the only defendant who can invoke § 820.2.[5]  Further, the second affirmative defense expressly states that § 820.2 immunity applies to the sixth, seventh, eighth, ninth, and tenth causes of action, which are all state law claims.

---

[5] The second affirmative defense invokes derivative immunity Cal. Gov. Code § 815.2, which reads in relevant part: "Except as provided by statute, a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability." Cal. Gov. Code § 815.2(b); Asgari v. City of L.A., 15 Cal.4th 744, 752 n.5 (1997).  Thus, the City is the only defendant who can invoke § 815.2(b).

Nevertheless, the second affirmative defense does suffer from one defect identified in *Neylon* – the discretionary decisions at issue are not identified. If Defendants believe that certain policy decisions were made, that those decisions serve as the basis for liability, and that those decisions are immunized through § 820.2, then Defendants need to identify what those policy decisions are. Great detail is not required, nor do facts that meet the plausibility standard need to be pled, but Defendants should at least identify or describe the policy decisions that they believe serve as the basis for § 820.2 immunity.[6] Cf. Neylon, 2017 U.S. Dist. LEXIS 137212 at *25. The conclusory allegation that policy decisions were immunized is little more than another method of identifying § 820.2, and merely listing general categories of "hiring, training, and supervision" leaves Plaintiffs and the Court guessing at what specific policy decisions are at issue. See id. If Defendants do not know or cannot identify a particular policy decision that applies to the Plaintiffs' claims and that fits within § 820.2, then Defendants should not attempt to invoke § 820.2 as an affirmative defense. See Gomez, 188 F.Supp.3d at 993 n.2.

Because no specific policy decision have been identified, the second affirmative defense does not provide "fair notice" and will be stricken. See Neylon, 2017 U.S. Dist. LEXIS 137212 at *25-*26. However, because it is not clear that amendment would be futile, the second affirmative defense will be stricken with leave to amend.[7] See Wyshak, 607 F.2d at 826; Spencer, 2022 U.S. Dist. LEXIS 144441 at *3, *7; Neylon, 2017 U.S. Dist. LEXIS 137212 at *26.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiffs' motion to strike (Doc. No. 44) is GRANTED;
2. Defendants' second affirmative defense is STRICKEN;

---

[6] As an example only, an allegation that "Carroll's policy decision to require all officers to undergo 4 hours of yearly training with respect to the proper use of non-lethal force options is immune through operation of § 820.2," would be an allegations that sufficiently provides fair notice of a policy at issue.

[7] The Court notes that Plaintiffs cited and relied on *Gomez* and *Neylon*, which were both decided by the undersigned. Despite this, Defendants' opposition surprisingly does not cite to or discuss either case in any way. Instead, Defendants rely heavily on non-binding, out of district, unpublished cases that all pre-date *Gomez*. Defendants' avoidance of *Gomez* and *Neylon* does not convince this Court to abandon the holdings and rationale of those cases.

3.     Within fourteen (14) days of service of this order, Defendants may file an amended answer that is consistent with the analysis of this order; and

4.     If Defendants fail to file a timely amended answer, then leave to amend will be deemed automatically withdrawn without further order from the Court, and this case will proceed with the second affirmative defense remaining stricken from Defendants' active answer.

IT IS SO ORDERED.

Dated:   February 27, 2023                /s/ [signature]
                                               SENIOR  DISTRICT  JUDGE